IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| Glenn A. Jackamonis<br>August T. Munkenbeck Jr.<br>     Debtors | CHAPTER 13 |
| GATEWAY MORTGAGE GROUP, LLC<br>     Movant<br>vs. | NO. 16-17766-ELF |
| Glenn A. Jackamonis<br>August T. Munkenbeck Jr.<br>     Debtors | 11 U.S.C. Section 362 |
| William C. Miller Esq.<br>     Trustee | |

## STIPULATION

AND NOW, it is hereby stipulated and agreed by and between the undersigned as follows:

1. The post-petition arrearage on the mortgage held by the Moving Party on the Debtors' residence is **$3,928.02**, which breaks down as follows;

| | |
|---|---|
| Post-Petition Payments: | January 1, 2017 through March 2017 at $1,284.66 |
| Suspense Balance: | $5.34 |
| Late Charges: | $79.38 |
| **Total Post-Petition Arrears** | **$3,928.02** |

2. The Debtors shall cure said arrearages in the following manner;

  a). Debtors shall resume regular post-petition payments beginning with the payment due March 1, 2017, in the amount of $1,284.66;

  b). Beginning April 2017 and continuing through September 2017, until the arrearages are cured, Debtors shall pay the present regular monthly payment of **$1,284.66** on the mortgage (or as adjusted pursuant to the terms of the mortgage) on or before the first (1st) day of each month (with late charges being assessed after the 15th of the month), plus an installment payment of **$654.67** towards the arrearages on or before the last day of each month at the address below;

**Gateway Mortgage Group, LLC**
244 South Gateway Place, Jenks, OK 74037-3448
Mailing Address: PO Box 1560, Jenks, OK 74037

  c). Maintenance of current monthly mortgage payments to the Movant thereafter.

3. Should debtors provide sufficient proof of payments (front & back copies of cancelled checks and/or money orders) made, but not credited, Movant shall adjust the account accordingly.

4. In the event the payments under Section 2 above are not tendered pursuant to the terms of this stipulation, the Movant shall notify Debtors and Debtors' attorney of the default in writing and the Debtors may cure said default within FIFTEEN (15) days of the date of said notice. If Debtors should fail to cure the default within fifteen (15) days, the Movant may file a Certification of Default with the Court and the Court shall enter an Order granting the Movant relief from the automatic stay.

5. The stay provided by Bankruptcy Rule 4001(a)(3) is waived.

6. If the case is converted to Chapter 7, the Movant shall file a Certification of Default with the court and the court shall enter an order granting the Movant relief from the automatic stay.

7. If the instant bankruptcy is terminated by either dismissal or discharge, this agreement shall be null and void, and is not binding upon the parties.

8. The provisions of this stipulation do not constitute a waiver by the Movant of its right to seek reimbursement of any amounts not included in this stipulation, including fees and costs, due under the terms of the mortgage and applicable law.

9. The parties agree that a facsimile signature shall be considered an original signature.

Date: March 29, 2017

By: /s/ Thomas Puleo, Esquire
Thomas Puleo, Esquire
Attorney for Movant
KML Law Group, P.C.
Main Number: (215) 627-1322

Date: 3/31/17

Patricia M. Mayer, Esq.
Attorney for Debtors

NO OBJECTION

4/4/17

William C. Miller, Esq.
Chapter 13 Trustee

**\*without prejudice to any trustee rights or remedies**

Approved by the Court this _____ day of _____, 2017. However, the court retains discretion regarding entry of any further order.

_____
Bankruptcy Judge
Eric L. Frank