United States Bankruptcy Court
Eastern District of Pennsylvania

In re:
Glenn A. Jackamonis
August T. Munkenbeck, Jr.
    Debtors

Case No. 16-17766-elf
Chapter 13

# CERTIFICATE OF NOTICE

District/off: 0313-2    User: Antoinett    Page 1 of 1    Date Rcvd: Apr 07, 2017
                        Form ID: pdf900   Total Noticed: 1

Notice by first class mail was sent to the following persons/entities by the Bankruptcy Noticing Center on Apr 09, 2017.
db/jdb          +Glenn A. Jackamonis,    August T. Munkenbeck, Jr.,   830 Jefferson Avenue,
               Bristol, PA 19007-3915

Notice by electronic transmission was sent to the following persons/entities by the Bankruptcy Noticing Center.
NONE.                                                                                          TOTAL: 0

        ***** BYPASSED RECIPIENTS *****
NONE.                                                                                          TOTAL: 0

Addresses marked '+' were corrected by inserting the ZIP or replacing an incorrect ZIP.
USPS regulations require that automation-compatible mail display the correct ZIP.

Transmission times for electronic delivery are Eastern Time zone.

**I, Joseph Speetjens, declare under the penalty of perjury that I have sent the attached document to the above listed entities in the manner shown, and prepared the Certificate of Notice and that it is true and correct to the best of my information and belief.**

**Meeting of Creditor Notices only (Official Form 309): Pursuant to Fed. R. Bank. P. 2002(a)(1), a notice containing the complete Social Security Number (SSN) of the debtor(s) was furnished to all parties listed. This official court copy contains the redacted SSN as required by the bankruptcy rules and the Judiciary's privacy policies.**

Date: Apr 09, 2017                              Signature:  /s/Joseph Speetjens

---

# CM/ECF NOTICE OF ELECTRONIC FILING

The following persons/entities were sent notice through the court's CM/ECF electronic mail (Email) system on April 7, 2017 at the address(es) listed below:
        DENISE ELIZABETH CARLON    on behalf of Creditor    GATEWAY MORTGAGE GROUP, LLC
         bkgroup@kmllawgroup.com
        PATRICIA M. MAYER    on behalf of Debtor Glenn A. Jackamonis pmayer.esq@comcast.net,
         nydia.ramirez@comcast.net
        PATRICIA M. MAYER    on behalf of Plaintiff August T. Munkenbeck, Jr. pmayer.esq@comcast.net,
         nydia.ramirez@comcast.net
        PATRICIA M. MAYER    on behalf of Plaintiff Glenn  Jackamonis pmayer.esq@comcast.net,
         nydia.ramirez@comcast.net
        PATRICIA M. MAYER    on behalf of Joint Debtor August T. Munkenbeck, Jr. pmayer.esq@comcast.net,
         nydia.ramirez@comcast.net
        THOMAS I. PULEO    on behalf of Creditor    GATEWAY MORTGAGE GROUP, LLC tpuleo@kmllawgroup.com,
         bkgroup@kmllawgroup.com
        United States Trustee    USTPRegion03.PH.ECF@usdoj.gov
        WILLIAM C. MILLER    ecfemails@ph13trustee.com,    philaecf@gmail.com
        WILLIAM EDWARD CRAIG    on behalf of Creditor    AmeriCredit Financial Services, Inc. dba GM
         Financial mortonlaw.bcraig@verizon.net,    mhazlett@mortoncraig.com
                                                                                                                     TOTAL: 9

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| Glenn A. Jackamonis<br>August T. Munkenbeck Jr.<br><div align="center">Debtors</div><br>GATEWAY MORTGAGE GROUP, LLC<br><div align="center">Movant</div><br>vs.<br>Glenn A. Jackamonis<br>August T. Munkenbeck Jr.<br><div align="center">Debtors</div><br>William C. Miller Esq.<br><div align="center">Trustee</div> | CHAPTER 13<br><br>NO. 16-17766-ELF<br><br>11 U.S.C. Section 362 |

## STIPULATION

AND NOW, it is hereby stipulated and agreed by and between the undersigned as follows:

1. The post-petition arrearage on the mortgage held by the Moving Party on the Debtors' residence is **$3,928.02,** which breaks down as follows;

| | |
|---|---|
| Post-Petition Payments: | January 1, 2017 through March 2017 at $1,284.66 |
| Suspense Balance: | $5.34 |
| Late Charges: | $79.38 |
| **Total Post-Petition Arrears** | **$3,928.02** |

2. The Debtors shall cure said arrearages in the following manner;

   a). Debtors shall resume regular post-petition payments beginning with the payment due March 1, 2017, in the amount of $1,284.66;

   b). Beginning April 2017 and continuing through September 2017, until the arrearages are cured, Debtors shall pay the present regular monthly payment of **$1,284.66** on the mortgage (or as adjusted pursuant to the terms of the mortgage) on or before the first (1st) day of each month (with late charges being assessed after the 15th of the month), plus an installment payment of **$654.67** towards the arrearages on or before the last day of each month at the address below;

<div align="center">Gateway Mortgage Group, LLC<br>244 South Gateway Place, Jenks, OK 74037-3448<br>Mailing Address: PO Box 1560, Jenks, OK 74037</div>

   c). Maintenance of current monthly mortgage payments to the Movant thereafter.

3. Should debtors provide sufficient proof of payments (front & back copies of cancelled checks and/or money orders) made, but not credited, Movant shall adjust the account accordingly.

4. In the event the payments under Section 2 above are not tendered pursuant to the terms of this stipulation, the Movant shall notify Debtors and Debtors' attorney of the default in writing and the Debtors may cure said default within FIFTEEN (15) days of the date of said notice. If Debtors should fail to cure the default within fifteen (15) days, the Movant may file a Certification of Default with the Court and the Court shall enter an Order granting the Movant relief from the automatic stay.

5. The stay provided by Bankruptcy Rule 4001(a)(3) is waived.

6. If the case is converted to Chapter 7, the Movant shall file a Certification of Default with the court and the court shall enter an order granting the Movant relief from the automatic stay.

7. If the instant bankruptcy is terminated by either dismissal or discharge, this agreement shall be null and void, and is not binding upon the parties.

8. The provisions of this stipulation do not constitute a waiver by the Movant of its right to seek reimbursement of any amounts not included in this stipulation, including fees and costs, due under the terms of the mortgage and applicable law.

9. The parties agree that a facsimile signature shall be considered an original signature.

Date: March 29, 2017

By: /s/ Thomas Puleo, Esquire
Thomas Puleo, Esquire
Attorney for Movant
KML Law Group, P.C.
Main Number: (215) 627-1322

Date: 3/31/17

Patricia M. Mayer, Esq.
Attorney for Debtors

NO OBJECTION

4/4/17

William C. Miller, Esq.
Chapter 13 Trustee

**\*without prejudice to any trustee rights or remedies**

Approved by the Court this __7th__ day of __April__, 2017. However, the court retains discretion regarding entry of any further order.

_____
**ERIC L. FRANK**
**CHIEF U.S. BANKRUPTCY JUDGE**